

DEPARTMENT OF HEA     H & HUMAN SERVICES                          Program Support Center

Rockville MD 20857

## CERTIFICATE OF INDEBTEDNESS

Mary B. Levin
1421 Massachusetts Avenue, NW, #503
Washington, DC 20003
SSN: ▓▓▓5360
Ref: HHCA-7-80000010

Total debt due United States as of March 23, 2005 $120,009.17 (principal $70,385.50, interest $49,623.67).

I certify that the Department of Health and Human Services' records show that the debtor named above is indebted to the United States in the amount stated above. Interest accrues on the principal amount of this debt at the weighted average interest rate of 13.375% per annum. The daily interest amount accrues at $25.80 per day.

On April 27, 1994, as a medical student at the George Washington University (GWU), you applied for a scholarship award through the National Health Service Corps (NHSC) Scholarship Program (42 U.S.C. 294t-y, redesignated as amended 42 U.S.C. 254l-q), U.S. Public Health Service, the Department of Health and Human Services.

On September 20, 1994, you received a partial scholarship award for the period 1994 to 1995. In addition, you received continuing partial scholarship awards for the period 1995 to 1996, and 1996 to 1997. You received funds totaling $70,385.50 representing tuition, fees, stipends, and other reasonable costs.

These awards were made upon the condition that you serve in the full time clinical practice of your profession as a commissioned officer in the Regular or Reserve Corps of the Public Health Service, or as a civilian member of the Corps in a health manpower shortage area designated under Section 332 of the Public Health Service Act (PHS Act). You were to serve one year of obligated service for each year of scholarship support, or 2 years, whichever is greater.

A letter from the Bureau of Primary Health Care (BPHC) dated April 3, 1995, advised you that your scholarship support had been suspended effective February 1, 1995, because of your leave of absence status. You were advised to contact the Scholarship program in writing to re-activate funding upon your continuation of medical training. If you failed to return as a full-time student within one (1) year, you would be considered in default of your scholarship contract.

By letter dated January 31, 1996, you were notified that your NHSC Scholarship Program support had been reactivated effective January 1, 1996, due to your status as a full-time physician assistant student and not repeating any course work.

In August 1999, the NHSC program became aware that you had transferred from an approved medical program to an unapproved Masters in Public Health Program (MPH).



FILED
05 1137
JUN - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT

A

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - MARY B. LEVIN

On November 3, 1999, you were advised that the NHSC Program had been informed of your dismissal from the GWU Medical Program. Therefore, you were in default of your scholarship contract for failure to comply with the terms and conditions of your award in accordance with Federal regulation [42 CFR, 62.10(b)] which states:

(b)     When a participant fails to maintain an acceptable level of academic standing, is dismissed from the school for disciplinary reasons, or voluntarily terminates the course of study or program for which the scholarship was awarded before completing the course of study or program, the participant must, instead of performing any service obligation, pay to the United States, an amount equal to all scholarship funds awarded under Section 62.7. Payment of this amount must be made within three (3) years of the date the participant becomes liable to make payment under this paragraph.

By letter dated December 16, 1999, you were notified that you were placed in default and failure to make repayment arrangements would result in your account being referred to the Department of Treasury for offset, consumer reporting agencies, a private collection agency, or the U.S. Department of Justice (DOJ) for enforced collection. You did not make any payments, nor did you respond.

In response to your letter of March 17, 2000, you were provided clarification and guidance by letter dated April 4, 2000, regarding support payments that you had either returned or had not cashed. You were advised that upon the return of the uncashed checks, your debt would be adjusted accordingly.

On March 14, 2001, you were given a final notice regarding your debt. You were advised that failure to make full or partial payment within sixty (60) days would result in your account being referred to the Department of Treasury for offset, consumer reporting agencies, a private collection agency, or the DOJ for enforced collection. You did not respond.

On March 15, 2001, in the United States Bankruptcy Court, District of Columbia, you filed a petition for relief under Title 11 U.S.C. Chapter 7 (Case No. 01-00529), however, your NHSC debt was not dischargeable under bankruptcy. This case was discharged July 12, 2001, and closed July 18, 2001.

By letter dated December 7, 2002, you were notified that your account had been referred to OSI Collection Services, Inc., for collection. You were advised that your account would be referred to the DOJ if you failed to either remit payment in full or enter into a repayment agreement (RA). You did not make any payments, nor did you respond.

A final notice regarding your delinquent debt was sent to you on January 14, 2003, in which you were advised that failure to submit full or partial payment would result in your case being referred to the Department of Treasury for offset, and to the DOJ for enforced collection. You did not respond.

In a letter dated January 29, 2003, you were notified of the DHHS' intent to refer your debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. To date you have neither submitted a request for an RA, nor made any attempt to resolve your debt. Therefore, you remain liable for monetary repayment of this debt.

The amount the United States is entitled to recover is equal to the total of all scholarship funds awarded plus interest.

## PAGE 3 - CERTIFICATE OF INDEBTEDNESS - MARY B. LEVIN

The amount due should be remitted promptly by check, draft or money order(s) payable to the "Department of Justice" and mailed directly to the United States Attorney, District of Columbia, Judiciary Center Building, 555 4th Street, N.W., Room 10-312, Washington, DC 20001.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

3/23/05
_____
Date

_____
Barry M. Blum
Chief, Referral Control Section
Debt Management Branch