```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )  Civil Action No. 05-1137 JGH
                             )
MARY B. LEVIN,               )
                             )
          Defendant.         )
```

### JOINT MEET AND CONFER STATEMENT

In compliance with the Court's order of November 24, 2005, the parties submit the following joint statement. The paragraphs of this joint statement correspond to the numbered paragraphs in the Court's Order.

Paragraph (¶) 1. This case is a contract action in which the United States seeks to recover student loans, with interest, that were made to defendant while a student at the George Washington University Medical School. Defendant withdrew from the school prior to receiving an M.D. degree. She has denied liability, and she asserts the defenses of the statute of limitations, waiver, and estoppel. She also asserts as a defense impossibility of performance due to her medical condition. She believes that repayment of the loans should be waived or suspended due to her medical condition, due to the extreme hardship that would be imposed by an order requiring repayment, and due to the fact that enforcement of the student loan obligations would, given defendant' circumstances, be unconscionable. Defendant

- 1 -

also asserts that plaintiff has failed to join a party (George Washington University) in whose absence complete relief cannot be accorded among those who are already parties to the action.

¶ 2.  There are no pending motions.

¶ 3.  Neither party anticipates any amendment to the pleadings.

¶ 4.  Defendant's counsel is willing to recommend to his client that she consent to assignment of the case to a Magistrate Judge for all purposes.  Plaintiff is not, however, agreeable to assignment of the case to a Magistrate Judge.

¶ 5.  Defendant intends to file a summary judgment motion on the statute of limitations issue by January 17, 2006.  Prior to the resolution of that motion, settlement of the case is unlikely.  At this time, it is unclear to plaintiff's counsel whether a settlement of the case is possible.

¶ 6.  It is unclear at this time whether the case would benefit from the Court's alternate dispute resolution program.

¶ 7.  The parties believe that the statute of limitations issue is a good candidate for resolution by summary judgment. Plaintiff is not sure, at this time, whether the defenses raised by defendant based on her medical condition will be suitable for resolution by summary judgment.

¶ 8.  Counsel are willing to exchange documents and information in their possession (e.g., for plaintiff, the production

of the non-privileged documents in the folder maintained by the Department of Health and Human Services on the student loans made to defendant.  This exchange of documents and information can be made by January 9, 2006.

9.  Both parties do not believe that there will be much discovery in this case.  Plaintiff currently intends to seek discovery from the George Washington University concerning plaintiff's attendance there and the dates and amounts of student loan disbursements made to the University by plaintiff.  It is possible that some further discovery may be necessary as to defendant's medical condition.  The parties propose that discovery be set to close six months after the date of the decision by the Court on defendant's summary judgment motion on the issue of the statute of limitations, if that decision is adverse to defendant.  (Plaintiff intends, in the interim, to serve the subpoena for documents on the George Washington University that is described above.)

10.  It is unclear at this time what expert testimony may be needed in this case.  Defendant currently intends to name a financial expert; plaintiff believes that it may need expert medical testimony as to defendant's medical condition.  The parties propose that the exchange of expert witness information under Fed. R. 26(b)(4) occur no later than two months prior to the close of discovery.  Depositions of experts, if needed,

should be completed before the close of discovery.

¶ 11.  Discovery should not be bifurcated or managed in phases.

¶ 12.  The pretrial conference should be set by the Court thirty days prior to the commencement of the trial.

¶ 13.  The parties defer to the Court as to whether a firm trial date should be set, in that the parties do not known the Court's docket of cases and the demands that they place on the Court's time.

    Respectfully submitted,

    KENNETH L. WAINSTEIN, D.C. Bar #451058
    United States Attorney


    R. CRAIG LAWRENCE, DC Bar #171538
    Assistant United States Attorney


    FRED E. HAYNES, DC Bar #165654
    Assistant United States Attorney
    555 4th Street, N.W., Room E-4110
    Washington, D.C. 20530
    202.514.7201

    Counsel for plaintiff


    GARY A. ULMER, DC Bar #245522
    Stanco & Associates
    126 C Street, N.W.
    Washington, D.C. 20001
    202.331.8822

    Counsel for defendant