I

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Civil Action No:05-01137 (JGP) |
| | ) | Judge John Garrett Penn |
| MARY BETH LEVIN, | ) | |
| | ) | |
| **Defendant** | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now the Defendant, Mary Beth Levin, by and through Stanco, Ulmer & Robinson, her undersigned counsel, and moves this Honorable Court, pursuant to Fed.R.Civ.P. 56, for an Order entering summary judgment in her favor as to all of Plaintiff's claims in the above-captioned matter. The grounds of this Motion are that the claim was not filed within the applicable six-year statute of limitations under 28 U.S.C. §2415(a) and 42 C.F.R. 62.10(b). Those statutory authorities require any action for damages brought by the United States on a contract to be filed within six (6) years after the right of action accrues; the right of action accrues three (3) years after a scholarship recipient fails to maintain an acceptable level of academic standing. Defendant Mary Beth Levin signed an agreement to participate in the National Health Service Corps ("NHSC") Scholarship Program to begin in the Fall, 1994 semester. Due to debilitating medical conditions, Ms. Levin failed to maintain an acceptable level

of academic standing on April 18, 1996 or the end of May, 1996 at the latest due to her receipt of failing grades in courses after she was told that receipt of any failing grades would result in her automatic dismissal from the program. The cause of action against Ms. Levin accrued on April 18, 1996 or, at the latest, at the end of May, 1996. In order that the action not be time barred, the government was required to file the action against Ms. Levin within six years after the cause of action accrued, or by April 19, 2005 or by the end of May, 2005 at the latest. The Complaint in the above-captioned matter was filed on June 8, 2005, outside of the applicable statute of limitations period. Summary judgment should be entered in favor of the Defendant as there are no genuine issues as to material facts and Defendant is entitled to judgment in her favor as a matter of law as the action against her is time barred. In further support of her Motion, Defendant directs the attention of this Honorable Court to her attached Affidavit and to her attached Memorandum of Points and Authorities and Statement of Material Facts Not In Dispute.

Respectfully submitted,

STANCO, ULMER & ROBINSON

_____
Gary A. Ulmer , 245522   gulmer@suretylaw.com
Counsel for Defendant
126 C Street, N.W.
Washington, D.C.  20001
(202) 331-8822
(202) 331-9705 (facsimile)

**REQUEST FOR HEARING**

Defendant, by counsel, requests a hearing on her Motion for Summary Judgment.

_____
Gary A. Ulmer

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this \_\_\_\_ day of January, 2006 to Fred E. Haynes, Esquire, Assistant United States Attorney, 555 - 4th Street, N.W., Room E-4110, Washington, D.C. 20530.

_____
Gary A. Ulmer