UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )
                              )
       v.                     ) Civil Action No. 05-1137 JGP
                              )
MARY B. LEVIN,                )
                              )
            Defendant.        )

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

     This is an action filed by the government to recover
scholarship funds that it awarded to defendant for her attendance
at medical school, in exchange for which defendant agreed to
participate as a doctor in the National Health Service Corps.
Plaintiff was dismissed from medical school for academic reasons
by a letter dated June 14, 1996.  Under the scholarship agree-
ment, defendant had a grace period of three years in which to pay
back the scholarship funds or face legal action to collect the
debt.  When defendant's NHSC Scholarship Program debt remained
unpaid at the end of the three-year grace period, the statute of
limitations that was then in effect, which was six years, started
to run.  This case was filed on June 8, 2005, which was within
the six year period since the grace period commenced to run on
June 14, 1996, the date of defendant's official termination from
medical school, effective June 13, 1996.

     Defendant's argument for summary judgment is that the
statute of limitations should be considered to have started to

run one or two months earlier, when defendant failed examinations in two courses that she was taking.  Under defendant's analysis, the government filed this lawsuit after the expiration of the limitations period.[1]

The response to this argument is two-fold:

First, that the limitations period applying to defendant's NHSC Scholarship Program debt was abolished by statute in 2002, prior to the running of the earlier statute of limitations; as a consequence, the new statute applies to this case (the new statute has no limitations period), which means that this case was timely filed; and

Second, even if the earlier limitations period is applied, this case was still timely filed, since the agency's interpretation of the statute that it was operating under and of its own regulations, that the three-year grace period before the limitations period starts to run commences (for a person who is having academic difficulty) on the date that the student is officially dismissed from the school for academic reasons, is entitled to substantial deference.

---

[1]  In discussions with plaintiff's counsel, undersigned counsel (Fred E. Haynes) referred only to the old statute of limitations; however, undersigned counsel was recently made aware that a legislative amendment to the NHSC statute in October 2002 eliminated the limitations period for collection of NHSC scholarship debts.

Factual Background

    The facts relevant to the resolution of this motion are not in dispute.  As explained in plaintiff's memorandum and in the statement of material facts,[2] defendant started medical school at George Washington University in the fall of 1994.  She encountered medical problems and failed three classes.  In February 1995, she appeared before the Educational Evaluation Committee, which recommended that she be allowed to repeat her first year of medical school.  She did so, starting in August 1995, but she failed a course in January 1996.  Rather than dismiss her at that time for academic deficiencies, the medical school decided to allow her to proceed with her studies, but the school advised her that further failing grades would bring her back before the Educational Evaluation Committee at risk for academic dismissal.  Plaintiff then failed a course in gross anatomy in April 1996 and in April or May failed the neuroanatomy course.  By a later dated June 14, 1996, she was dismissed from the medical program for academic reasons, effective June 13, 1996.

------

    [2] Plaintiff's response to defendant's statement of material facts not in genuine dispute admits all of the facts that are relevant to the resolution of the motion for summary judgment. The asserted facts that are not admitted are (1) issues of plain-tiff's medical condition, which require further discovery pursuant to Fed. R. Civ. P. 56(f) before a final determination can be made as to their accuracy, and (2) the last sentences in paragraphs 8 and 9 of the material facts not in dispute, which are legal conclusions, not factual issues.

Argument

I. There is no limitations period that applies to defendant's default on her obligations under her National Health Service Corps scholarships.

When defendant signed her scholarship loan agreement, the statute of limitations that governed the agreement was the general statute of limitations as to contractual actions that is set forth in 28 U.S.C. § 2415, which requires that an action based on a contract with the government must be brought within six years after the cause of action accrues. As explained in defendant's memorandum, the cause of action under the general statute of limitations for contracts started to run three years after the triggering event (i.e., failure to maintain an acceptable level of academic performance). The three-year period was a grace period during which the student could repay the loans, thereby avoiding collection activity. This is set forth in the agency's regulations at 42 C.F.R. §62.10(b):

> (b) When a participant fails to maintain an acceptable level of academic standing, is dismissed from the school for disciplinary reasons, or voluntarily terminates the course of study or program for which the scholarship was awarded before completing the course of study or program, the participant must, instead of performing any service obligation, pay to the United States an amount equal to all scholarship funds awarded under § 62.7. Payment of this amount must be made within 3 years of the date the participant becomes liable to make payment under this paragraph.

This regulation largely tracks the relevant part of the

4

statutory provisions, 42 U.S.C. §254o, that set up the

scholarship program:

> (a) Failure to maintain academic standing;
> dismissal from institution; voluntary
> termination; liability; failure to accept
> payment
>
> (1) An individual who has entered into a
> written contract with the Secretary under
> section 254l of this title and who--
>
> (A) fails to maintain an acceptable level of
> academic standing in the educational
> institution in which he is enrolled (such
> level determined by the educational
> institution under regulations of the
> Secretary);
>
> (B) is dismissed from such educational
> institution for disciplinary reasons; or
>
> (C) voluntarily terminates the training in
> such an educational institution for which he
> is provided a scholarship under such
> contract, before the completion of such
> training,
>
> (D) Repealed. Pub.L. 107-251, Title III, §
> 313(a)(1)(D), Oct. 26, 2002, 116 Stat. 1651
>
> in lieu of any service obligation arising
> under such contract, shall be liable to the
> United States for the amount which has been
> paid to him, or on his behalf, under the
> contract.

The application of the statue of limitations for contract

actions to National Health Service Corps scholarship debts was

abolished by Pub.L. 107-251, effective October 26, 2002.  This

change is set forth in 42 USC 254o(e):

> (e) Notwithstanding any other provision of
> Federal or State law, there shall be no

limitation on the period within which suit
may be filed, a judgment may be enforced, or
an action relating to an offset or garnish-
ment, or other action, may be initiated or
taken by the Secretary, the Attorney General,
or the head of another Federal agency, as the
case may be, for the repayment of the amount
due from an individual under this section.

The effect of this elimination of the limitations period
raises the question whether the change applies to defendant's
scholarship debts, which were made before the change but as to
which the general federal limitations period for contract actions
had not yet run as of the time of the elimination of the limita-
tions period.  The answer to this question is somewhat
complicated and depends on whether the previous limitations
period was remedial or procedural in nature or whether it was a
substantive limitation on a statutory right.  See Sarfati v. Wood
Holly Associates, 874 F.2d 1523 (11th Cir 1989).

A statute of limitations that restricts a right created by
statute generally is deemed to be a substantive limit where the
limitations period is contained in the same statute that creates
the right.  Here the right involved, an action for breach of
contract, is one where the preexisting statute of limitations was
not contained in the statute that created the right.  Rather, the
limitations period was the general limitations period for federal
contract actions.  In this situation, the elimination of the six-
year limitations period applies to causes of action that were
still viable at the time of the change.  See id., 874 F. 2d at

6

1525-26.

As further explained in the <u>Sarfati</u> opinion:

> All limitations periods that govern rights
> created by statute, however, are not
> necessarily substantive limits on the right
> itself. The limitations period must be
> contained in the same statute or act in order
> to be deemed a substantive limit on the
> right. [Case citations omitted.] Thus, if a
> right created by statute is in one act and
> the limitations period is in another act,
> then the limitations period is presumed not
> to be an integral part of the right itself.
> See <u>supra</u>. The limitations period is said to
> be only a procedural limit on the remedy, and
> not a substantive limit on the right. In
> these instances, courts have held that an
> enactment of or amendment to such a
> limitations period generally would be applied
> to causes of action that previously accrued
> but were still viable. [Case citations
> omitted.]

Since the limitations period that existed prior to the 2002 change in the law was separate from the statute that created the scholarship program, the limitations period should be deemed to be procedural in nature, and its elimination should be applied to causes of action that were still viable at the time that the change was enacted.  Under this analysis, this lawsuit was timely filed.

II. <u>Even if the Court concludes that the six year limitations period applies to this case, the case was timely filed.</u>

As noted earlier, the statute that created the scholarship program provided that repayment of the scholarship funds would be required under certain circumstances, including where the student

7

"fails to maintain an acceptable level of academic standing in the educational institution in which he is enrolled (such level determined by the educational institution under regulations of the Secretary)."  The agency's regulations provide that one of the circumstances requiring repayment is "[w]hen a participant fails to maintain an acceptable level of academic standing. . . ."  The statute and the regulations involve a program that is administered by the Department of Health and Human Services, on whose behalf this action is brought.  As the attached declaration from an HHS official shows, Exhibit A, the agency interpreted dismissal from the medical school for academic reasons as being the triggering event that sets in motion the grace period.

Given these facts, the question becomes the usual one – whether deference is owed to the agency's interpretation of the statute it administers and the regulations it has adopted to implement that statute.  This is a question that is approached under the framework set forth in Chevron, U.S.A., Inc v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  The first step is to ask whether Congress has spoken directly on the issue. If so, that is the end of the analysis.  If the statute is silent or ambiguous, the courts are to defer to the agency's interpretation , so long as it is a reasonable one.

Here the statute provides that the determination of acceptable academic performance is to be made by the educational

8

institution that the student is attending, but the statutory language does not further clarify what or when that determination is considered to have been made. This is an ambiguity that the agency enforcing the statute and regulations has clarified by its reasonable interpretation of the meaning of the statutory language – that dismissal from the school for academic reasons is the event that triggers the obligation to repay the scholarship funds. This is a reasonable interpretation that is entitled to Chevron deference.

Any alternative interpretation of the language would throw the agency into a morass, as evidenced by the facts of this case. Defendant had a series of academic difficulties. Her problems required the school to give her additional chances to pass her courses. And the agency cannot reasonably be required to conduct an investigation to determine exactly when the student failed the courses that led to her dismissal for academic reasons. It is reasonable for the agency to rely on a brightline test – the formal dismissal from the school for academic reasons. This interpretation is entitled to deference under the Chevron.

<u>Conclusion</u>

For the reasons set forth above, defendant's motion for partial summary judgment should be denied. Attached is a draft

9

order reflecting this relief.

                    Respectfully submitted,

                    KENNETH L. WAINSTEIN,D.C. Bar #451058
                    United States Attorney

                    R. CRAIG LAWRENCE, DC Bar #171538
                    Assistant United States Attorney

                    FRED E. HAYNES, DC Bar #165654
                    Assistant United States Attorney
                    555 4th Street, N.W., Room E-4110
                    Washington, D.C. 20530
                    202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,         )
                                 )
         v.                      ) Civil Action No. 05-1137 JGP
                                 )
MARY B. LEVIN,                   )
                                 )
              Defendant.         )

ORDER

Upon consideration of the motion by the defendant for summary judgment and the opposition thereto, it is this _____ day of _____, 2006,

ORDERED that defendant's motion for summary judgment is denied.

                    UNITED STATES DISTRICT JUDGE

Copies to all counsel of record