IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | NO. 05-01137 (JGP) |
| | ) | |
| v. | ) | |
| | ) | |
| MARY BETH LEVIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF CHRISTINE D. HERALD

1. I am the Acting Chief, Legal and Compliance Branch, Office of Workforce Evaluation and Quality Assurance, Bureau of Health Professions, United States Department of Health and Human Services. My office handles default determinations, waiver determinations, and other issues related to repayment of National Health Service Corps ("NHSC") scholarship debts. I am therefore familiar with the legal provisions and administrative policies and procedures concerning default and waiver. I have reviewed defendant's official scholarship file, can verify its contents and am competent to testify as to its contents.

2. The NHSC Scholarship Program's default provision, found at 42 U.S.C. § 254o(a)(1), provides in relevant part:

> "(a)(1) An individual who has entered into a written contract with the Secretary under section 254l of this title and who —
>
> > (A) fails to maintain an acceptable level of academic standing in the educational institution in which he is enrolled (such level determined by the educational institution under regulations of the Secretary);



(B) is dismissed from such educational institution for disciplinary reasons; or

(C) voluntarily terminates the training in such an educational institution for which he is provided a scholarship under such contract, before the completion of such training,

in lieu of any service obligation arising under such contract, shall be liable to the United States for the amount which has been paid to him, or on his behalf, under the contract."

3. The implementing regulation, found at 42 C.F.R. § 62.10(b), provides as follows:

"(b) **When a participant fails to maintain an acceptable level of academic standing**, is dismissed from the school for disciplinary reasons, or voluntarily terminates the course of study or program for which the scholarship was awarded before completing the course of study or program, the participant must, instead of performing any service obligation, pay to the United States an amount equal to all scholarship funds awarded under § 62.7. Payment of this amount must be made within 3 years of the date the participant becomes liable to make payment under this paragraph." (emphasis added)

This provision is also stated in the NHSC Scholarship Program Contract that defendant signed on April 27, 1994. See Section C. 1 of Exhibit A, attached hereto.

4. There is a longstanding agency interpretation that "fail[ure] to maintain an acceptable level of academic standing" includes those NHSC Scholarship Program participants who are dismissed from medical school for poor academic performance. In this case, defendant was dismissed from George Washington University (GWU) School of Medicine on June 14, 1996. This information was provided to plaintiff by Charles Carpenter, Director of Financial Aid, on or about March 26, 1998. See data sheet entitled "BHCDANET Information System - National Health Service Corps Scholarship Program Current Recipients by School," attached hereto as Exhibit B. Accordingly, the agency determined that defendant was in default of her NHSC scholarship obligation as of June 14, 1996, the date she was dismissed from school.

5. On August 25, 1999, Maggie Carrera, an NHSC Scholarship Program staff person learned from officials at GWU School of Medicine that defendant had left medical school and transferred to the Master of Public Health (MPH) Program. When Ms. Carrera attempted to contact defendant at her home, she was told that defendant was out of the country and would not be back until Dec. 1999. Ms. Carrera made a note to follow up with her case in Dec. 1999. See Exhibit C, attached hereto, for Ms. Carrera's notes of her telephone conversations.

6. By letter dated Dec. 16, 1999, William M. Darracott, Chief of the Debt Servicing Section, notified defendant of her default and her resulting liability. See Exhibit D, attached hereto.

7. The agency's Dec. 16, 1999, default notice also informed defendant that she had 3 years to repay the debt. The 3-year repayment period runs from the date of default, as that is "the date the participant becomes liable to make payment under this paragraph." See 42 C.F.R. § 62.10(b). In this case, the event that triggered defendant's default, and thus her liability to make payment, was her dismissal from medical school on June 14, 1996. Accordingly, defendant's NHSC Scholarship Program debt became "due" on June 14, 1999.

8. The Dec. 16, 1999, default notice further informed defendant as follows: "BE ADVISED, IF REPAYMENT ARRANGEMENTS ARE NOT FINALIZED BY THE ABOVE DUE DATE, YOUR DEBT MAY BE REPORTED TO CONSUMER REPORTING AGENCIES AS DELINQUENT; REFERRED TO A COLLECTION AGENCY, AND/OR THE DEPARTMENT OF TREASURY FOR ADMINISTRATIVE OFFSET/SALARY OFFSET/INCOME TAX REFUND OFFSET, AND/OR THE DEPARTMENT OF JUSTICE FOR

ENFORCED COLLECTION (SUCH AS WAGE GARNISHMENT, ASSET SEIZURE OR JUDGEMENT)."

This language reflects the agency's position that the Government's cause of action accrued -- and therefore the 6-year limitations period then in effect began to run – as of June 14, 1999, the end of the 3-year grace period.

9. Defendant asserts in her Motion for Summary Judgment and supporting affidavit that she suffered from physical and mental disabilities resulting from a permanent inability to perform the service or other activities which would be necessary to comply with her NHSC obligation. This language tracks a portion of the NHSC Scholarship Program waiver regulation found at 42 C.F.R § 62.12(c). However, section 62.12(b)(1) requires that the Scholarship Program participant seeking a waiver submit a "written request to the Secretary setting forth the bases, circumstances, and causes which support the requested action." The participant must not only request a waiver in writing but must also provide financial and medical documentation to support the request, for the Secretary's (or designee's) analysis.

10. We have no record of receiving any written waiver request from defendant.

11. The exhibits attached hereto are true and correct copies of documents from defendant's official NHSC scholarship file. These records, which are maintained by the Division of National Health Service Corps, are kept in the ordinary course of the agency's regularly conducted activities and are made at or near the time by, or from, information transmitted by a person with knowledge.

I declare, under penalty of perjury, that the foregoing declaration, which is derived from information provided to me by employees and records of the Department of Health and Human

Services is, to the best of my knowledge, true and correct.

Executed this 21st day of February, 2006, in Rockville, Maryland.

CHRISTINE D. HERALD

HRSA-857 (Rev. 8/93)

**NATIONAL HEALTH SERVICE CORPS SCHOLARSHIP PROGRAM CONTRACT SCHOOL YEAR 1994 - 1995**

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
HEALTH RESOURCES AND SERVICES ADMINISTRATION
BUREAU OF PRIMARY HEALTH CARE

Section 338A, C-H of the Public Health Service Act ("Act") (42 U.S.C. 254l, m-q) authorizes the Secretary of Health and Human Services ("Secretary") to provide applicants selected to be participants in the National Health Service Corps Scholarship Program ("Scholarship Program") with scholarship awards. In return for awards, applicants must agree to provide primary health care services in a manner determined by the Secretary for a period of obligated service equal to one year for each year of scholarship support received, or two years, whichever is greater.

Section 338A requires applicants to submit with their application a signed contract stating the terms and conditions of participation in the Scholarship Program. The Secretary shall sign only those contracts submitted by applicants who are selected for participation.

The terms and conditions of participating in the Scholarship Program for the 1994-1995 school year are set forth below.

**Section A — Obligations of the Secretary**

Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program and the National Health Service Corps ("Corps"), the Secretary agrees to:

1. Provide the undersigned applicant ("applicant") with a scholarship award for the school year 1994-1995 during which the applicant:
   a. is enrolled, or is accepted for enrollment, as a full-time student in an accredited (as determined by the Secretary) educational institution in one of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Mariana Islands, the Virgin Islands, Guam, or American Samoa. and
   b. is pursuing a course of study leading to a degree in medicine, osteopathy, or other health profession which has been approved by the Secretary for participation in the Scholarship Program.

   The scholarship award may consist of payments, in whole or in part, for tuition, an amount for all other reasonable educational expenses incurred by the student, and a monthly stipend for the 12-month period beginning with the first month of each school year in which the applicant is a participant in the Scholarship Program.
2. Utilize the applicant to provide health services in accordance with Section B(5) of this contract.
3. Defer performance of an applicant's period of obligated service if the applicant: (1) receives a degree from a school of medicine, osteopathy, or other health profession, and (2) requests a period of deferment to complete residency or other advanced clinical training which the Secretary determines is consistent with the needs of the Corps for primary health services.
4. Release the Applicant from all or part of his or her Corps service obligation to enter into the full-time private clinical practice as a provider of primary health services where the provisions of section 338D of the Act, 42 U.S.C. 254n and applicable Corps policies are met.
5. Credit any period of service performed in accordance with Scholarship Program policy by the applicant under the National Research Service Award Program (section 487(a) (1) (A) or (B) of the Public Health Service Act, 42 U.S.C. 288 (a) (1) (A) or (B)) toward satisfying the service obligation in Section B of this contract.

**Section B — Obligations of the Applicant**

The applicant agrees to:

1. Accept the scholarship award provided by the Secretary under Section A(1) of this contract for the school year 1994-1995.
2. Maintain full-time enrollment until completion of the course of study for which the scholarship award is provided.
3. Maintain an acceptable level of academic standing while enrolled in the course of study for which the scholarship award is provided.
4. Complete advanced clinical training approved by the Secretary if he or she received a degree from a school of medicine or osteopathy.
5. Serve his or her period of obligated service by providing primary health services, as determined by the Secretary:
   a. In the full-time clinical practice of his/her profession in a health professional shortage area (designated under section 332 of the Act) to which he or she is assigned by the Secretary as a member of the National Health Service Corps either as a commissioned officer in the Regular or Reserve Corps of the Public Health Service, a civilian employee of the United States, or an individual who is not an employee of the United States; or
   b. In the full-time private clinical practice of his or her health profession under a Private Practice Option Agreement (section 338D of the Act) in a health professional shortage area selected by the Secretary for which designation under section 332 of the Act has been validated by the Secretary.
   c. In a unit of the Department of Health and Human Services designated by the Secretary, if there is no need in a health professional shortage area for a Corps member of the profession in which the applicant is obligated to provide health services under the contract.
6. Serve one year of obligated service for each year the scholarship award is provided, with a minimum obligation of 2 years.
7. Undertake service in accord with placement policies and procedures in effect at the time of his or her placement.
8. Comply with provisions of Title 42, Code of Federal Regulations, Part 62.

**Section C — Breach of Scholarship Contract**

If the applicant:

1. Fails to maintain an acceptable level of academic standing in the course of study for which the scholarship award is provided, or voluntarily terminates academic training before the completion of such training, or is dismissed from the educational institution for disciplinary reasons, the applicant shall, instead of performing the service obligation incurred under this contract, repay to the United States all funds paid to the applicant and to the educational institution under this contract. Payment of this amount must be made within 3 years of the date the participant becomes liable to make payment under this paragraph.
2. Fails to begin or complete the period of obligated service incurred under this contract for any reason other than those in paragraph 1 of this section, the United States shall be entitled to recover an amount equal to three times the scholarship funds awarded, plus interest, as determined by the formula

$$A = 3\emptyset\frac{(t-s)}{t}$$

In which:

'A' is the amount the United States is entitled to recover,
'Ø' is the sum of amounts paid to or on behalf of the applicant and the interest on such amounts which would be payable if at the time the amounts were paid they were loans bearing interest at the maximum legal prevailing rate, as determined by the Treasurer of the United States,
't' is the total number of months in the applicant's period of obligated service, and
's' is the number of months of such period served by the applicant in accordance with section 338C of the Act or with a written agreement under section 338D of the Act.

The damages the United States is entitled to recover shall be paid within one year of the date the Secretary determines that the applicant has failed to begin or complete the period of obligated service.

(OVER)

*U.S. GOVERNMENT PRINTING OFFICE: 1993-356-938

Ex. A

**Section D — Creditability of Graduate Training Toward the Period of Obligated Service**

1. No period of residency or other advanced clinical training will be counted toward satisfying the period of obligated service incurred under this contract.

**Section E — Cancellation, Suspension, and Waiver of Obligation**

1. Any service or payment obligation incurred by the applicant under this contract will be canceled upon the applicant's death.
2. The Secretary may waive or suspend the applicant's service or payment obligation incurred under this contract if:
   a. compliance by the applicant with the obligation is impossible or
   b. compliance would involve extreme hardship and enforcement of such obligation would be unconscionable.

**Section F — Contract Extension**

1. The applicant may annually request extension of this contract, for a period not to exceed 12 months, if the request is submitted in accordance with procedure established by the Secretary.
2. Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program and the Corps, the Secretary may approve a request for contract extension if:
   a. the request does not extend the total period of scholarship award beyond four years, and
   b. the applicant is otherwise eligible for continued participation in the Scholarship Program.

The Secretary or his/her authorized representative must sign this contract before it becomes effective.

| Applicant Name (*Please Print*) | Applicant's Signature | Date |
|---|---|---|
| MARY BETH LEVIN | Mary Beth Levin | 4/27/94 |
| Secretary of Health and Human Services | | Date |
| Carolyn Bon Lucka | | 9/30/94 |

OPTIONAL AMENDMENTS

This National Health Service Corps Scholarship Program Contract for the 1994-1995 school year is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the school years indicated below, under the same terms and conditions set forth in the Scholarship Program contract for the 1994-1995 school year except to the extent that the terms set forth in the 1994-1995 school year contract may be subsequently amended by statute or regulation. Disbursements for each school year will begin at the start of that school year.

| | Applicant's Signature | Secretary of Health and Human Services |
|---|---|---|
| 1995-1996 SCHOOL YEAR | Mary Beth Levin | Carolyn Bon Lucka |
| 1996-1997 SCHOOL YEAR | Mary Beth Levin | Carolyn Bon Lucka |
| 1997-1998 SCHOOL YEAR | Mary Beth Levin | Carolyn Bon Lucka |

ROGRAM ID: 1-PE-S-E-D BHCDANET INFORMATION SYSTEM PAGE: 17
DATE OF RUN: 02/03/98

NATIONAL HEALTH SERVICE CORPS SCHOLARSHIP PROGRAM
CURRENT RECIPIENTS BY SCHOOL

Found Forms in the School File MHL

CHOOL NAME : GEORGE WASHINGTON UNIV SCH OF MEDICINE
CHOOL CODE : 17
TATE NAME : DC
SCIPLINE : PHYS., ALLOPATHY

| SSN | NAME | DATE OF GRADUATION | SPECIAL STATUS | YEAR IN PROGRAM | COMMENTS |
|---|---|---|---|---|---|
| | | 06/99 | FULL SUPPORT | JUNIOR | |
| | | 05/99 | FULL SUPPORT | JUNIOR | |
| | | 05/99 | FULL SUPPORT | JUNIOR | |
| | | 05/98 | FULL SUPPORT | SENIOR | |
| | | 05/98 | FULL SUPPORT | SENIOR | |
| | | 05/98 | FULL SUPPORT | SENIOR | |
| | | 05/00 | FULL SUPPORT | SOPHOMORE | |
| | | 05/98 | FULL SUPPORT | SENIOR | |
| | | 06/99 | FULL SUPPORT | JUNIOR | |
| [illegible]-73-5560 | LEVIN, MARY BETH | 05/99 | NOT FUNDED | SOPHOMORE | DISMISSED 6/14/96 |
| | | 05/98 | FULL SUPPORT | SENIOR | |
| | | 06/00 | FULL SUPPORT | SOPHOMORE | |
| | | 05/00 | FULL SUPPORT | SOPHOMORE | |
| | | 05/98 | FULL SUPPORT | SENIOR | |
| | | 05/00 | FULL SUPPORT | SOPHOMORE | |
| | | 05/98 | FULL SUPPORT | SENIOR | |
| | | 05/01 | FULL SUPPORT | FRESHMAN | |
| | | 05/00 | FULL SUPPORT | SOPHOMORE | |
| | | 05/00 | FULL SUPPORT | SOPHOMORE | |
| | | 05/98 | FULL SUPPORT | SENIOR | |

CERTIFY THAT, EXCEPT AS NOTED, THE STUDENTS LISTED ABOVE ARE PRESENTLY ENROLLED ON A FULL-TIME BASIS IN THE STANDARD URSE OF STUDY FOR THEIR HEALTH PROFESSION, AND THAT THE ANTICIPATED DATES OF GRADUATION ARE CORRECT. I HAVE IDENTIFIED OSE STUDENTS WHO ARE REPEATING A PERIOD OF ACADEMIC TRAINING AND HAVE CORRECTED THE ANTICIPATED DATES OF GRADUATION WHICH RE IN ERROR. I HAVE ALSO VERIFIED THAT THE STUDENT'S YEAR IN PROGRAM IS CORRECT. I UNDERSTAND THAT ANY WILLFULLY FALSE ATEMENTS MADE HEREIN MAYBE INVESTIGATED AND MAY BE PUNISHABLE AS A FELONY UNDER U.S. CODE, TITLE 18, SECTION 1001.

GNATURE Charles W. Cargent DATE 3/26/98

TLE DIRECTOR OF FINANCIAL AID

98 MAR 30 PM 3:42
NHSC SCHOLARSHIP PROGRAM
RECEIVED

3/31

Exh. B

**CALLER**

**SCHOLAR:** Mary Beth Levin

**SSN:** [redacted]-5360 **TELEPHONE:** (202) 332-3299.

**PROGRAM PHASE: Applicant** X **In school**____ **Deferment**____ **Service**____

**STAFF PERSON TAKING CALL:** Maggie L. Carrera

**STAFF PERSON MAKING CALL:** *Contact Ms. Robin Delk (FAX # 202-994-4448)

**NAME OF SCHOOL STAFF:** Director of Certification & Transcripts

**RE: (SCHOLAR):** George Washington Univ. Dec 1999

**DATE:** 8/25/99. **TIME:** 12:40 p.m.

**NATURE OF CALL/INQUIRY**

**STATEMENT OF ISSUE(S) RAISED:**

Ms. Mary Beth Levin transferred from Medical school to an MPH (Master in Public Health Program). I called Mr. Brian Selinsky (202) 994-8311 requesting a letter from George Washington Univ. Sch. of Medicine regarding Ms. Levin's case. Mr Selinsky told me that if I had a written request from Ms. Levin authorizing the NHSC Scholarship Program to obtain that information

**RESPONSE GIVEN (INCLUDING REFERRAL):** from the Univ. I told him "no". then he said that I needed to contact Ms. Levin to request her authorization. I called Ms. Levin's house (202) 332-3299 and I was told that Ms. Levin is out of the country & that she won't be back until Dec 1999. Need to follow-up with her case in Dec 99. I am changing Ms. Levins in BHCDANET ~~from Code 22 to a code 9~~

Maggie L. Carrera DSUR/SPB

**(Print)Name of Staff Member Who Handled Call** **Division/Branch**

Ex. C

DEBT MANAGEMENT BRANCH
DIVISION OF FINANCIAL OPERATIONS
PROGRAM SUPPORT CENTER
PARKLAWN BUILDING, ROOM 16A-12
5600 FISHERS LANE
ROCKVILLE, MD 20857
(301) 443-2065

12/16/99

| | |
|---|---|
| CLAIM NUMBER: | 780000010 |
| TYPE OF DEBT: | NHSC |
| DATE OF DEFAULT: | 6/16/96 |
| PRINCIPAL DUE: | $ 71,977.50 |
| INTEREST DUE: | $ 0.00 |
| PENALTY/ADM DUE: | $ 0.00 |
| TOTAL DUE: | $ 71,977.50 |
| DUE DATE: | 06/16/99 |
| INTEREST RATE: | 00.000 |

MARY B. LEVIN
1421 MASSACHUSETTS AVE NW #308
WASHINGTON, DC 20005

DEAR MARY LEVIN:

THIS IS TO NOTIFY YOU THAT YOU WERE PLACED IN DEFAULT OF THE CONDITIONS OF YOUR NATIONAL HEALTH SERVICE CORPS AWARD.

ANY QUESTIONS REGARDING THE DETERMINATION OF YOUR DEFAULT SHOULD BE ADDRESSED TO:

HEALTH RESOURCES AND SERVICES ADMINISTRATION
BUREAU OF PRIMARY HEALTH CARE
DIVISION OF SCHOLARSHIPS AND LOAN REPAYMENT
4350 EAST WEST HIGHWAY, 10TH FLOOR
BETHESDA, MARYLAND 20814

WE ARE ENCLOSING A SCHEDULE SHOWING THE DATES AND AMOUNTS WHICH WERE PAID TO YOU OR ON YOUR BEHALF, AND THE INTEREST CHARGES APPLICABLE TO YOUR DEBT. ALL QUESTIONS PERTAINING TO THE CALCULATION OF YOUR FINANCIAL DEBT SHOULD BE DIRECTED TO THE DMB AT THE ADDRESS LISTED AT THE TOP OF THIS LETTER.

THIS DEBT MUST BE PAID BY THE ABOVE DUE DATE. IF THE DEBT IS NOT REPAID BY THE DUE DATE, INTEREST WILL ACCRUE ON THE UNPAID PRINCIPAL BALANCE AT THE CONSUMER RATE PER ANNUM IN EFFECT, UNTIL THE DEBT IS PAID IN FULL. A 6 PERCENT PER MONTH LATE CHARGE MAY BE APPLIED TO ANY PAST DUE PAYMENT FOR EACH 30 DAY PERIOD OR FRACTION THEREOF. ADDITIONALLY, AN ADMINISTRATIVE COST CHARGE MAY BE APPLIED FOR EACH 30 DAY PERIOD OR FRACTION THEREOF AFTER THE DEBT IS DECLARED DELINQUENT.

PAYMENT MUST BE MADE BY PERSONAL OR CERTIFIED CHECK OR MONEY ORDER MADE PAYABLE TO THE "HEALTH AND HUMAN SERVICES-NHSC", REFERENCING YOUR CLAIM NUMBER, AND MAILED TO THE ADDRESS AT THE TOP OF THIS LETTER. IF YOU ARE UNABLE TO REMIT THE TOTAL DUE, ENCLOSED ARE INSTRUCTIONS ON HOW TO ENTER INTO A REPAYMENT AGREEMENT. A GOOD FAITH PAYMENT MUST ACCOMPANY YOUR PROPOSAL.

BE ADVISED, IF REPAYMENT ARRANGEMENTS ARE NOT FINALIZED BY THE ABOVE DUE DATE, YOUR DEBT MAY BE REPORTED TO CONSUMER REPORTING AGENCIES AS DELINQUENT; REFERRED TO A COLLECTION AGENCY, AND/OR THE DEPARTMENT OF TREASURY FOR ADMINISTRATIVE OFFSET/SALARY OFFSET/INCOME TAX REFUND OFFSET, AND/OR THE DEPARTMENT OF JUSTICE FOR ENFORCED COLLECTION (SUCH AS WAGE GARNISHMENT, ASSET SEIZURE OR JUDGEMENT).

PLEASE NOTIFY THE DMB IN WRITING, WITHIN 30 DAYS OF THE DATE OF THIS LETTER, AS TO THE METHOD YOU ELECT TO REPAY THIS DEBT. YOU SHOULD NOTIFY THE DMB OF ANY CHANGES OF ADDRESS WHICH MAY OCCUR PRIOR TO FULL PAYMENT.

SINCERELY YOURS,

WILLIAM M. DARRACOTT
CHIEF, DEBT SERVICING SECTION

DLN-73

kmg 01/04/2000

01 545935360 000000780000010 LEVIN

Ex. D