```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )
                              )
       v.                     ) Civil Action No. 05-1137 JGP
                              )
MARY B. LEVIN,                )
                              )
            Defendant.        )
```

RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL
FACTS THAT ARE NOT IN GENUINE DISPUTE

Plaintiff admits many of the facts that defendant asserts are not in genuine dispute. The admitted facts are sufficient for the Court to resolve defendant's motion for summary judgment, a motion based on the contention that the statute of limitations had run by the time that this action was filed. Set out below is the response by plaintiff to defendant's statement of material facts not in genuine dispute. The paragraphs that are admitted are not set out in full. Where part of a paragraph is not admitted in full, that portion of the paragraph is set forth where this is needed for an understanding of plaintiff's response.

Paragraph (¶) 1. Admitted.

¶ 2. Admitted.

¶ 3. Admitted, except for the first sentence: "Ms. Levin entered medical school in August 1994 and was unable to attend classes by November, 1994 due to a hospitalization for endocarditis and due to nausea, fatigue, fever and malaise."

Plaintiff admits that defendant entered medical school in August 1994; however, plaintiff lacks knowledge or information sufficient to form a belief as to the reason or reasons that defendant stopped attending class in November 1994.  Pursuant to Fed. R. Civ. P. 56(f), additional discovery will be required before plaintiff can admit to the reasons that defendant stopped attending class.

¶ 4.  All but the first sentence is admitted.  The first sentence is "Ms. Levin experienced chest pains, palpitations and fainting in January, 1995."  Plaintiff lacks knowledge or information sufficient to form a belief as to plaintiff's medical condition in January 1995.  Pursuant to Fed. R. Civ. P. 56(f), additional discovery will be required before plaintiff can admit to the nature of plaintiff's medical condition.

¶ 5.  The first sentence is admitted.  As to the second sentence ("Due to ongoing medical conditions, she received a non-passing grade in January, 1996."), it is admitted that defendant received a non-passing grade in January 1996; however, plaintiff lacks knowledge or information sufficient to form a belief as to the reason or reasons why defendant received the failing grade.  Pursuant to Fed. R. Civ. P. 56(f), additional discovery will be required before plaintiff can admit to this contention.

¶ 6.  This paragraph, in full, is as follows: "In January, 1996, Ms. Levin went again before the EEC.  The EEC Recommended that Ms. Levin be allowed to continue in the M.D. program on

condition that any further non-passing grade would lead to her automatic dismissal without EEC review. The Dean of Academic Affairs again concurred with the EEC's recommendation. (Levin Aff. ¶8, 9)." It is admitted that defendant went again before the EEC in January 1996; however, the letter from the Dean for Academic Affairs to her, dated January 22, 1996, Exhibit A hereto, only advised her that any further failing grade would bring her back before the EEC at risk of academic dismissal.

¶ 7.  The first sentence, that defendant was diagnosed with major depressive disorder in February 1996, is admitted. As to the second sentence, that in March 1996, defendant was diagnosed as having a second degree heart block, plaintiff lacks knowledge or information sufficient to form a belief as to the truth of this averment. Pursuant to Fed. R. Civ. P. 56(f), additional discovery will be required before plaintiff can admit to the second sentence.

¶ 8.  The first sentence is admitted (that plaintiff failed an examination in Gross Anatomy and learned of this on April 18, 1996.) The second sentence ("As of April 18, 1996, she had failed to maintain an acceptable level of standing in the program."), is a legal conclusion (i.e., what triggered the conclusion that she had failed to maintain an acceptable level of academic performance), and it is denied on that basis.

¶ 9.  The first sentence (that Ms. Levin had received a failing grade in Neuroanatomy in April or May 1996) is admitted.

The second sentence ("At that time she had failed to maintain an acceptable level of standing in the program.") is a legal conclusion (i.e., what triggered the conclusion that she had failed to maintain an acceptable level of academic performance), and it is denied on that basis.

    Respectfully submitted,

    KENNETH L. WAINSTEIN, D.C. Bar #451058
    United States Attorney

    R. CRAIG LAWRENCE, DC Bar #171538
    Assistant United States Attorney
        /s/
    FRED E. HAYNES, DC Bar #165654
    Assistant United States Attorney
    555 4th Street, N.W., Room E-4110
    Washington, D.C. 20530
    202.514.7201