UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| )  | |
| Plaintiff,     ) | |
| )  | |
| v.     ) | Civil Action No. 05-1137 DAR |
| )  | |
| MARY B. LEVIN,     ) | |
| )  | |
| Defendant.     ) | |

CONSENT JUDGMENT

Defendant having consented to the entry of judgment against her on the terms set forth below, it is hereby ordered by the Court:

1. This is an action against defendant for breach of her agreement to provide service in return for scholarship awards that were made to her through the National Health Service Corps Scholarship Program while she was a student at the George Washington University Medical School during the period 1994 through 1996. Defendant breached her service obligation by failing to complete medical school, and she thereby incurred a debt to the United States pursuant to 42 U.S.C. § 254o(a).

2. It is ordered and adjudged that Defendant, the United States of America, recover of defendant, Mary B. Levin, the sum of $44,725, plus post-judgment interest at the rate of 2.30%.

3. Plaintiff shall not commence collection on the amount due under this judgment (to be paid in monthly installments in an amount determined through application of the methodology set forth in Paragraph 5 below) until January 1, 2009, a delay that is intended to provide time for the resolution of defendant's request to the Department of Health and Human Services for a waiver of the debt owed by defendant under the National Health Service Corps Scholarship

Program. In order to allow the Department of Health and Human Services sufficient time to review defendant's waiver submission and issue a decision by January 1, 2009, defendant agrees to submit by October 1, 2008, any further financial or medical documents supporting her waiver request.

4. Any waiver granted by the Department of Health and Human Services governs defendant's obligations under this agreement. For example, a complete waiver of defendant's debt by the Department of Health and Human Services discharges defendant's obligations under this judgment. The Department of Health and Human Services will apply the waiver standards at 42 U.S.C. § 254o and 42 C.F.R. § 62.12, and the agency's decision will not be subject to judicial review. If a complete waiver is granted, plaintiff shall file a satisfaction of judgment in this case.

5. In the event that defendant's application for a waiver is denied, in whole or in part, then by each July 1 following the entry of this judgment, defendant will submit to the Chief of the Civil Division, United States Attorney's Office for the District of Columbia, a completed Department of Justice financial statement of debtor form. The parties will thereafter attempt to agree on a monthly amount that defendant will pay towards satisfying the judgment in this case for the next twelve-month period. If after sixty days from the commencement of discussions on a revised monthly payment schedule the parties are unable to reach agreement, then plaintiff will have the option of exercising its rights under the Federal Debt Collection Procedures Act to collect the debt or of proceeding by the procedure set forth in paragraph 8 below.

6. In addition to collecting on this judgment by the means set forth in paragraph 5 above, the United States has the right to place judgment liens on any property that plaintiff has or may acquire, and the United States has the right, after December 1, 2008, to place collection of this judgment in the Treasury Offset Program, administered by the United States Department of the

Treasury.

7. In the event that defendant undergoes a significant change in her income or assets (an increase or decrease of 20% or more in her income or in the assets that she owns), she will advise the United States of this event within thirty days of its occurrence, and a revised payment schedule will be set under paragraph 5.

8. If defendant defaults on her obligations under this consent judgment, the United States may proceed to collect on this judgment by the means set forth in the Federal Debt Collection Procedures Act or by means of a contempt action pursuant to paragraph 9 set forth below.

9. This consent judgment constitutes a dismissal of this action, except that the Court retains jurisdiction to enforce the terms hereof.

10. Upon defendant's payment in full of the amount referenced in paragraph 2 above, plaintiff shall file a Satisfaction of Judgment.

11. The parties agree that each will bear their own attorney's fees and costs incurred in connection with the prosecution of this case.

UNITED STATES MAGISTRATE JUDGE

Copies to counsel for the parties

Accepted by defendant this 5th day of August, 2008.

_____
MARY BETH LEVIN